LAW OFFICES OF DALE K. GALIPO
  Dale K. Galipo (Bar No. 144074)
  dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

Brian Edward Claypool (State Bar No. 134674)
The CLAYPOOL LAW FIRM
Attorneys at Law
1055 E. Colorado Blvd. 5th Floor
Pasadena, CA 91106
Tel: (626) 240-4616
Fax: (626) 796-9951
E-Mail: becesq@aol.com

*Attorneys for Plaintiff JACQUELINE ALFORD*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ALFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HUMBOLDT COUNTY, GARY PHILP, CITY OF EUREKA, CHIEF GARR NIELSEN, DEPUTY GREG BERRY, LIEUTENANT GEORGE CAVINTA, SERGEANT WILLIAM NOVA, SERGEANT BRYAN QUENELL, DEPUTY JAMIE BARNEY, LIEUTENANT DAVE MOREY, DETECTIVE RICH SCHLESIGER, and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No. C 09-01306-SC<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S STATEMENT OF DEPOSITION EXCERPTS TO BE OFFERED AT TRIAL**<br><br>Date:　June 6, 2011<br>Time:　10:00 a.m.<br>Ctrm:　1, 17th Floor, San Francisco<br><br>*[The Hon. Samuel Conti]* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant has failed to meet his burden of establishing Matthew Moore's unavailability pursuant to F.R.C.P. 32(a)(4). It is too late for him to do so at this late date. Furthermore, even if Defendant had met his burden of establishing Mr. Moore's unavailability, this Court should exercise its discretion to preclude his deposition testimony from being used at trial as irrelevant and unduly prejudicial. Because Defendant has failed to meet his burden of establishing Mr. Moore's unavailability and because admission of the excerpts designated by Defendants would be unduly prejudicial to Plaintiff, this Court should preclude Defendant from offering Mr. Moore's deposition statements at trial.

## II. DEFENDANT HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING MR. MOORE'S UNAVAILABILITY.

Pursuant to F.R.C.P. 32(a)(4), Defendant has the burden of establishing that Mr. Moore is unavailable in order to introduce his deposition in lieu of testimony. *See, e.g., Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560 (N.D. Ala. 2009) (finding that the burden of showing a witness's unavailability under the federal rules rests with the party seeking to introduce the deposition in lieu of testimony). Defendant has failed to do so and it is too late for him to do so at this late date. Failure to demonstrate a witness' unavailability properly results in the exclusion of the deposition from evidence. *See, e.g., Schwartz v. System Software Associates, Inc.*, 32 F.3d 284 (7th Cir. 1994); *U.S. v. Empire Gas Corp.*, 393 F. Supp. 903 (W.D. Mo. 1975), *aff'd* 537 F.2d 296, *cert. denied* 429 U.S. 1122 (deposition testimony could not properly be considered by the court in a suit where the government had failed even to attempt to make the showing required by the rule authorizing use of depositions in court proceedings). Because Defendant has failed to make any

showing establishing the unavailability of Mr. Moore, this Court should preclude Defendant from offering Mr. Moore's deposition testimony into evidence at trial.

### III. THIS COURT SHOULD EXCLUDE THIS EVIDENCE AS IRRLEVANT AND UNDULY PREJUDICIAL.

Even if Defendant was to somehow establish Mr. Moore's unavailability, the excerpts requested by Defendant should still be excluded as unduly prejudicial. *See, e.g., Travis v. Knappenberger*, 87 Fed. Appx. 24 (9th Cir. 2003) (the district court properly excluded videotaped deposition testimony of defendant, as more prejudicial than probative, in employment discrimination action, where employee offered testimony to show inconsistency in demeanor).

The jury in the instant case will have to decide whether the use of deadly force was objectively unreasonable under the circumstances. "The relevant inquiry is 'the reasonableness of the officer's belief as to the appropriate level of force[,]' which 'should be judged from [the officer's] on-scene perspective,' and not in the '20/20 vision of hindsight.'" *Plaza-Bonilla v. Cortazzo*, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009) (quoting *Saucier v. Katz,* 533 U.S. 194, 205 (2001)).  The jury must therefore make this determination based on relevant percipient witness testimony, not with improper "hindsight" evidence.  Mr. Moore was not home at the time of the incident and had no personal knowledge of events surrounding the fire. The testimony designated by Defendant is irrelevant and misleading to the actual inquiry that the jury must make in this case -- whether the force used was objectively reasonable under the circumstances confronting Deputy Barney.[1] *Id*.

---

[1] This argument is set out more fully in Plaintiff's Motion in Limine No. 1.

In addition, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and is inadmissible pursuant to Fed. R. Evid. 403. Inflammatory and misleading evidence and argument concerning Mr. Moore's testimony about statements made by Mr. Stewart is solely designed to inflame the jury and to unduly prejudice Plaintiff. Such evidence would serve only to confuse and mislead the jury into believing that such evidence can be used to justify Defendant Barney's use of force or to reduce Plaintiff's compensatory damages. Accordingly, the Defendant's designated excerpts should be excluded as irrelevant and unduly prejudicial.

### IV. DEFENDANT SHOULD NOT BE PERMITTED TO PRESENT A ONE-SIDED VIEW OF MR. MOORE'S DEPOSITION TESTIMONY.

If this Court admits this evidence into testimony in spite of the concerns set forth above, then fairness requires that the entire deposition transcript be admitted into evidence and not simply the portions that are favorable to Defendant. Specifically, Plaintiff would seek to admit testimony by Mr. Moore concerning (1) the decedent's mental disability, (2) the video that he later saw of the fire and the demeanor of officers on the scene during the fire, and (3) the admissions against interest of various officers pertaining to the intent to use pyrotechnics on the scene, which would be offered for a non-hearsay purpose.

Additionally, if this Court does permit Defendant to introduce Mr. Moore's testimony, the testimony designated by Defendant contains numerous objections to the form of the question, which Plaintiff renews here, and which would require rulings by this Court.

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude the deposition testimony of Matthew Moore at trial.

Respectfully submitted,

DATED: June 3, 2011                LAW OFFICES OF DALE K. GALIPO
                                   THE CLAYPOOL LAW FIRM


                                   By:          /s/ **Dale K. Galipo**
                                       Dale K. Galipo
                                       *Attorneys for Plaintiff Jacqueline Alford*